IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LENNIL L. JOHNSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-416-DRH |
| ) | |
| **BROOKLYN, ILLINOIS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

At the time he filed his pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, Plaintiff was confined at the St. Clair County Jail (SCCJ).[1] Although it appears that *after* filing the complaint and the instant motion to proceed *in forma pauperis* Plaintiff was released from confinement,[2] he was detained at the time he filed these pleadings and, therefore, the prisoner provisions of 28 U.S.C. § 1915 still apply. *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997).

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that

---

[1] The complaint states that Plaintiff's address and "present place of confinement" is SCCJ. In *Johnson v. Justus*, Case No. 3:09-cv-336-DRH (S.D. Ill. filed May 4, 2009), Plaintiff alleged that he was confined at SCCJ "for final disposition on a pending felony complaint."

[2] Plaintiff filed notices with the Court indicating a non-prison address. *See* (Docs. 6 and 7). Additionally, the Illinois Department of Corrections's inmate locator service indicates that Plaintiff is currently on parole.

it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  In the Seventh Circuit, a strike may be counted if any portion of an action is dismissed for these enumerated grounds.  *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

Plaintiff has had three or more prior prisoner actions dismissed, or partially dismissed, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See, e.g., Johnson v. Churchich*, 94-538-PER (dismissed as frivolous 1/24/95 ); *Johnson v. Stanley,* 95-507-WDS (dismissed as frivolous 8/7/95 ); *Johnson v. Washington,* 95-819-PER (dismissed as frivolous 7/11/96).  Thus, Plaintiff may not proceed *in forma pauperis* unless he is under imminent danger of serious physical injury.

The Court now turns to the question of whether the complaint alleges sufficient facts indicating that Plaintiff is "under imminent danger of serious physical injury."  The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).  Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.*  A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.*  "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to **prevent impending harms**, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) (emphasis added).  Furthermore, federal courts also deny leave to proceed *in forma pauperis* when a prisoner's claim of "imminent danger" are conclusory.  *Ciarpaglini*, 352 F.3d

331; *see also White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998)("vague and conlusory" assertions of withheld medical treamtne when prisoner was seen over 100 times by physician is not imminent danger).

Briefly, Plaintiff's complaint alleges that on February 17, 2009, he was arrested by police officers from the Brooklyn, Illinois, police department while he was visiting his aunt in Venice, Illinois. At the same time, an automobile he was driving - which is alleged to be owned by Plaintiff's mother - was seized. In order to get the automobile returned, Plaintiff (and his mother) were required to pay towing fees. Plaintiff claims that he was subjected to a criminal enterprise which he characterizes as a "tow release scheme. Based on these allegations, the Court finds that Plaintiff is not "imminent danger," and, therefore, the instant motion to proceed *in forma pauperis* must be denied.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**. This action is **DISMISSED** without prejudice. All other pending motions are **DENIED** as **MOOT**.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED**.

**DATED:** December 17, 2009.

/s/   DavidRHerndon
**DISTRICT JUDGE**

3